**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-6811**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREW LEE THOMPSON, II, a/k/a Slim,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:17-cr-00168-CMH-1; 1:22-cv-00030-CMH)

_____

Submitted:  April 14, 2026                                   Decided:  June 23, 2026

_____

Before NIEMEYER, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

_____

Dismissed and remanded by unpublished per curiam opinion.

_____

Andrew Lee Thompson, II, Appellant Pro Se.  Tony Ray Roberts, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Lee Thompson, II, seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted).

To start, we acknowledge the difficulty faced by the district court in parsing each of Thompson's claims set forth in his lengthy pro se § 2255 motion. But our review of the record reveals that while the district court spent considerable effort to do so, it did not adjudicate all the claims raised in Thompson's motion. *Id.* at 696–97. Specifically, the court failed to address Thompson's claims that: (1) his first trial counsel was ineffective in (a) misadvising Thompson regarding the Government's disclosure obligations, and failing to identify a violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (b) refusing communication with Thompson due to his inability to timely pay counsel's fees, preventing Thompson from amending the presentence report or more timely moving to withdraw his guilty plea; and (c) failing to seek mitigation letters from Thompson and his family for sentencing purposes; (2) Thompson's second trial counsel was ineffective in (a) failing to adequately investigate and prepare for sentencing; (b) failing to present a defense to the Government's obstruction of justice allegations based on the parties' earlier plea negotiations; and (c) undermining Thompson's motion to withdraw his guilty plea by admitting Thompson's guilt in a sentencing memorandum; (3) the Government committed

2

prosecutorial misconduct by (a) failing to provide certain Backpage.com advertisements and certain text messages obtained from cellular devices, in violation of *Brady*; (b) fabricating evidence and presenting false information during sentencing; and (c) breaching the plea agreement by advocating for an obstruction of justice enhancement and against an acceptance of responsibility reduction; and (4) Thompson is actually innocent.

In view of these omissions, we conclude that the order Thompson seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal for lack of jurisdiction and remand to the district court for consideration of the unresolved claims.[*] *Porter*, 803 F.3d at 699.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*

---

[*] In so doing, we express no opinion as to the viability or merits of the unaddressed claims, leaving any resolution of those issues to the district court in the first instance.